## Morris Finer Building and Loan Association v. Dogostino et al.

*Attachment execution—Interest of employee of Philadelphia Rapid Transit Company in the Co-operative Wage Fund.*

The interest of an employee of the Philadelphia Rapid Transit Company in the Co-operative Wage Fund is not subject to an attachment *sur* judgment during his employment, as under the rules of the association a member is entitled to receive the amount standing to his credit only upon ceasing to be an employee of the company.

Rule for judgment against garnishees.   C. P. No. 5, Phila. Co., Dec. T., 1925, No. 12285.

*Moss & Moss*, for plaintiff;   *C. J. Joyce* and *G. H. Huft*, for defendants.

MARTIN, P. J., July 2, 1926.—A writ of attachment *sur* judgment was issued and served on garnishees, who were trustees of the "Co-operative Wage Fund."

Two of the garnishees severed their connection with the "Co-operative Wage Fund" prior to the service of the writ.

The surviving trustees filed an answer admitting that there was $778.06 in their hands invested in the common stock of the Philadelphia Rapid Transit Company to the credit of the defendant, Frank Dogostino, but stated that the Wage Fund is a voluntary unincorporated association of employees of the Philadelphia Rapid Transit Company, the property of which is in the hands of, and administered by, trustees chosen by the members of the fund; that under the regulations governing the Co-operative Wage Fund, a member is entitled to receive the amount standing to his credit only upon ceasing to be an employee of the Philadelphia Rapid Transit Company; and it is averred that defendant, Frank Dogostino, was at the time the writ was served, and still is, an employee of the transit company.

The property in the hands of the garnishees is in a situation where the defendant has not acquired the power over it which would permit him to dispose of it adversely to other members of the fund, and, consequently, it cannot be attached for his debt: Drake on Attachment, § 245.

Counsel for the garnishees informed the court that, pursuant to the Act of June 30, 1923, P. L. 984, empowering such associations to provide by rule or by-law that membership or interest in the funds of the association or property shall be non-transferable without the consent of the association, the Co-operative Wage Fund provided in its regulations that certificates issued to members of the fund are non-transferable.

In the case of Benedict & Eberle *v.* Hollman, 68 Pa. Superior Ct. 155-159-160, it was said: "In order to sustain an attachment execution, there must be a debt due from the garnishee to the defendant in the judgment which may be payable at the time of the service of the writ or may become payable subsequently. . . . It would follow the right of an attaching creditor can rise no higher than that of his debtor. What the latter could not sue for and recover from the garnishee is beyond the grasp of an attaching creditor. Let us look, then, to the origin of the fund in the possession of the garnishee and the essential nature of the obligation or duty that lies at the base of that possession. . . . Would it have been legally possible for . . . the judgment debtor in the present case to have thereupon maintained an action against the trustees in the possession of the fund for the recovery of the money? It seems clear to us such an action could not have been successfully prosecuted. . . . This was the situation when . . . a creditor issued its writ of attach-

ment execution. We agree with the learned judge below that the fund in the hands of the garnishee was immune from the grasp of the attaching creditor. . . . We are satisfied the fund in the hands of the garnishee was beyond the reach of the attaching creditor."

The debtor in the instant case could not at the time the attachment was served on the garnishee collect the amount standing to his credit or assign his claim to another. The rights of the attaching creditor can rise no higher than those of the debtor.

The interest of the defendant in the Co-operative Wage Fund is not subject to attachment. Rule discharged.